## Strickland Estate

*Nolan N. Atkinson, Jr.,* for petitioner.
*John R. Bonner,* for respondent.

PALMER, *J.,* November 5, 1975—This matter is before the court upon a petition of Sarah Beatrice Strickland for reconsideration of the order approving settlement of wrongful death and survival actions, and an appeal from the order of the Register of Wills of Northampton County revoking letters of

administration initially granted to her in the estate of her son, Robert Victor Strickland.

On September 23, 1974, Robert Strickland died as a result of gunshot wounds in Easton, Pa. He was survived by his spouse, Maria Paulette Anderson Strickland, and their two minor children, Robert Strickland, born September 13, 1968, and Chelsey Strickland, born September 13, 1969. At the time of his death, Strickland was separated from his wife and children. In addition to the surviving spouse and minor children, Sarah Strickland, decedent's mother, also survived him.

On December 20, 1974, Sarah Strickland petitioned the Register of Wills of Northampton County for letters of administration appointing her administratrix of the Estate of Robert Victor Strickland. Thereafter, the register of wills did appoint petitioner as administratrix. On or about January 10, 1974, Sarah Strickland filed a civil rights action in the United States District Court for the Eastern District of Pennsylvania, docketed 7593 on behalf of herself individually and as administratrix, for the allegedly wrongful death of decedent. On May 21, 1975, upon the petition of Maria Strickland, respondent, the register of wills revoked the letters of administration that had been granted to petitioner. At the same time, he appointed respondent as administratrix. Also on that date, Grifo, J., entered an order affirming a settlement agreement made between Maria Strickland on behalf of herself and her children and the defendants listed in the district court cause of action.

On June 4, 1975, petitioner filed the instant appeal from the decree of the register of wills revoking her letters of administration, and a petition for reconsideration of the order approving settlement.

On June 25, 1975, a hearing was held before Palmer, P. J., upon the petition. Following the hearing, the case was placed on the September 2, 1975, argument list. On that date, respondent and petitioner argued the merits of the petition for reconsideration and of the appeal from the order of the register of wills.

Petitioner first contends that we do not have jurisdiction to settle and dispose of the action commenced by Sarah Strickland in Federal court. Petitioner is correct that a State court has no power to settle a Federal cause of action; however, we do not do this. The settlement of May 21, 1975, approved by Judge Grifo, was an agreement between Maria and the persons listed as defendants in the Federal cause of action. Maria agreed that in consideration of $9,000, she would not bring a wrongful death or survival action in the State court or in the Federal court on behalf of herself or her children. She further agreed that she would not recover any damages as a result of any verdict in any lawsuit. Pennsylvania Rule of Civil Procedure 2206 allows for settlement of wrongful death actions with the court's approval. When minors are involved, the court must further determine that this settlement is fair and equitable. The only persons who can attack the determination by Judge Grifo would be the minor children or their guardian. Sarah Strickland is neither. Furthermore, Sarah was not made a party or a privy to this agreement; therefore, she has no standing to challenge it. The way which the settlement may ultimately affect the outcome of Sarah's Federal cause of action is a matter for the Federal court to decide and is not an issue for this court.

Petitioner also claims that the revocation of the

letters of administration was improper because she was not given notice prior to the revocation and the subsequent granting of the letters to Maria Strickland was an abuse of discretion by the register of wills. Section 3181 of the Probate, Estates and Fiduciaries Code,[1] Act of June 30, 1972, P. L. 508 (No. 164), 20 Pa.C.S.A. §3181, empowers the register of wills to revoke letters of administration which have been improperly granted. There is no provision for a hearing when this revocation takes place. The only case law on point is contained in Frantz Estate, 32 D. & C. 2d 351, 14 Fiduc. Rep. 93 (1963), and Nearhoff Estate, 8 D. & C. 2d 199, 6 Fiduc. Rep. 209, 18 Somerset 202 (1956). In those cases, the court held that letters of administration granted without renunciation or notice to heirs within the same class of persons eligible for granting of the letters were void. The rationale was that since the register of wills has discretion to determine which member within the class should be granted the letters, all the members should be given an opportunity to be heard as to their qualifications for administering the estate. In the instant case, the contest is between members of different classes. Maria is the surviving spouse and Sarah is the surviving mother. According to section 3155b of the Probate, Estates and Fiduciaries Code of Pennsylvania, the surviving spouse is given preference over anyone else. Therefore, there is no discretion in the register of wills when there is a surviving spouse. Thus, there need not be a hearing to determine relative qualifications.

---

1. By the Act of December 10, 1974, P. L. 756 (No. 271), and Act of December 10, 1974, P. L. 792 (No. 293), the name of this act was amended to read Decedents, Estates and Fiduciaries.

In addition, when petitioning the register of wills for letters of administration, Sarah was required to list surviving relatives on the application. Sarah listed only herself and her husband; she did not list Maria or the two children. This omission led the register of wills to believe that no other surviving relatives existed and upon this misrepresentation he granted the letters to Sarah. As soon as he was made aware of the existence of the surviving spouse and children, he revoked the letters. In Henry's Estate, 51 York 185 (1938), the court held that gross misrepresentation by the applicants for letters of administration as to the surviving relatives of decedent requires the revocation of the letters granted upon such misrepresentation. Thus, the action of the register of wills in this case was proper.

Finally, petitioner claims that the register of wills abused his discretion in appointing Maria Strickland as administratrix. She claims that since Maria refused to move to Easton with decedent, did not live with him for four years before his death, and did not go to his funeral, she deserted him and was, therefore, not entitled to be appointed administratrix. The right of the wife to administer her husband's estate is lost by desertion: Odiorne's Appeal, 54 Pa. 175 (1867); but not by a mere separation without fault on her part: Boyd's Appeal, 38 Pa. 246 (1861). Thus it is not lost by a mere living apart from her husband for four years without objection from him: Ross's Estate, 1 Dist. 744, 11 C.C. 601, 6 Kulp 411, 9 Lanc. 204 (1892). Maria refused to go to Easton with her husband because he neither had a place for the family to live nor did he continuously support his children. Thus it cannot be said that Maria "wil-

fully or maliciously deserted" Robert. See Richey's Estate, 16 Lehigh 36 (1934). Therefore, the register of wills did not abuse his discretion in his granting the letters of administration.

### ORDER OF COURT

And now, November 5, 1975, petitioner's request for reconsideration of the settlement order of May 21, 1975, is denied and dismissed. The revocation of the letters of administration is affirmed and petitioner's appeal is denied and dismissed.